IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00008-MR-WCM

| | |
|---|---|
| OCIE MAYFIELD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED GROCERY OUTLET, ) <br> ) <br> Defendant. ) <br> _____ ) | MEMORANDUM AND <br> RECOMMENDATION |

This matter is before the Court on Defendant's Motion to Dismiss in Lieu of Answer (the "Motion to Dismiss," Doc. 11), which has been referred to the undersigned pursuant to 28 U.S.C. § 636 for the entry of a recommendation.

I.  Background

A. Materials Considered

United Grocery Outlet ("Defendant") attached to the Motion to Dismiss a charge of discrimination (the "Charge") that Ocie Mayfield ("Plaintiff") previously filed with the Equal Employment Opportunity Commission ("EEOC") and a Dismissal and Notice of Rights letter (the "Notice of Rights Letter") from the EEOC. Docs. 11-1, 11-2. These materials may be considered in connection with the Motion to Dismiss. See e.g., See Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (stating that courts may take judicial notice of matters of public record, documents attached to the

1

complaint, and documents attached to the motion to dismiss so long as they are integral to the complaint and authentic); Herbert v. Horizon Coach Lines, No. 3:15-CV-6-GCM, 2015 WL 3649091, at *1 n.1 (W.D.N.C. June 11, 2015) ("The Court may consider an EEOC charge without converting a motion to dismiss into one for summary judgment").

### B. Background

In June of 2021,[1] Plaintiff filed the Charge with the EEOC, asserting that on March 26, 2021,[2] he experienced discrimination based on his age and disability. Doc. 11-1. The Charge did not mention Plaintiff's race.

The Notice of Rights Letter was issued on September 29, 2021. Doc. 11-2 at 2. Plaintiff states that he received the Notice of Rights Letter on that date. Doc. 4 at 5.

On January 11, 2022, Plaintiff, proceeding *pro se*, filed his original Complaint, which appeared to indicate that he was claiming discrimination based on his race and disability. Doc. 1.

On January 31, 2022, Plaintiff filed an Amended Complaint using the form provided for employment discrimination claims. Doc. 4. Therein, Plaintiff

---

[1] The Charge shows that it was signed by Plaintiff on June 17, 2021 and that the EEOC received the Charge on June 22, 2021. Doc. 11-1 at 2; Cf. Doc. 4 at 5 (Amended Complaint alleging that Plaintiff filed a charge with the EEOC on May 10, 2021).

[2] In his Amended Complaint, Plaintiff alleges that the discrimination occurred on May 1, 2021. Doc. 4 at 4.

2

alleged that Defendant failed to hire him based on his race and his disability or perceived disability. Doc. 4 at 4. Specifically, Plaintiff alleged that he has a "trach"[3] and uses an oxygen tank and states that a "manager" would not hire Plaintiff because of his "trach, and that I am Black." Id.

On March 25, 2022, Defendant filed the Motion to Dismiss along with a supporting memorandum. Docs. 11, 12.

The same day, the undersigned issued an Order advising Plaintiff that Defendant had filed the Motion to Dismiss which sought the dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Order also advised Plaintiff to review the Motion to Dismiss and supporting memorandum carefully, and extended Plaintiff's deadline to file a response to the Motion to Dismiss to April 15, 2022. Doc. 15.

However, Plaintiff has not filed any response to the Motion to Dismiss.

## II. Legal Standard

When considering a motion made pursuant to Rule 12(b)(6), the court, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff, determines "whether the complaint on its face states plausible claims upon which relief can be granted." Francis v.

---

[3] The undersigned presumes Plaintiff means that he has undergone a tracheotomy.

3

Case 1:22-cv-00008-MR-WCM   Document 16   Filed 05/06/22   Page 3 of 12

Giacomelli, 588 F.3d 186, 189, 192 (4th Cir. 2009); accord Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009).

The court, however, is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Consumeraffairs.com, 591 F.3d at 255; see Giacomelli, 588 F.3d at 192. That is, while "detailed factual allegations" are not required, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); accord Consumeraffairs.com, 591 F.3d at 255. In short, the well-pled factual allegations must move a plaintiff's claim from conceivable to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

### III. Discussion

As noted, Plaintiff has not responded to the Motion to Dismiss, and it therefore appears that Plaintiff concedes Defendant's arguments. See Campbell v. Rite Aid Corp., No. 7:13-cv-02638-BHH, 2014 WL 3868008, at *2 (D.S.C. Aug. 5, 2014) (holding that, where the plaintiff failed to respond to an argument in the defendant's motion to dismiss, "the Court can only assume

4

Case 1:22-cv-00008-MR-WCM Document 16 Filed 05/06/22 Page 4 of 12

that Plaintiff concedes the argument"); Radchyshyn v. Allstate Indem. Co., No. 1:14-CV-00169-MR-DLH, 2014 WL 4406994, at *4 (W.D.N.C. Sept. 8, 2014) ("Plaintiff seemingly concedes the merits of Defendant's motion by failing to respond to the Motion to Dismiss"). Nonetheless, the undersigned has considered the merits of the Motion to Dismiss.

In that regard, Defendant construes the Amended Complaint as alleging claims for discrimination pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117 ("ADA"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634 (the "ADEA"), and/or Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"). Doc. 12 at 3 n. 5. Defendant asserts that Plaintiff's claims pursuant to any of these statutes are time barred. Doc. 12 at 7-8. Additionally, Defendant argues that to the extent Plaintiff is attempting to assert a race-based claim, Plaintiff did not exhaust his administrative remedies. Alternatively, Defendant argues that Plaintiff has failed to state a claim upon which relief may be granted.[4]

### A. Title VII Claim

In the Charge, Plaintiff claimed he had been discriminated against because of his disability in violation of the ADA and because of his age in

---

[4] Considering the recommendations set out herein, the undersigned does not reach Defendant's last argument regarding failure to state a claim.

5

Case 1:22-cv-00008-MR-WCM   Document 16   Filed 05/06/22   Page 5 of 12

violation of the ADEA. Doc. 11-1 at 3.

In his original Complaint and his Amended Complaint, however, Plaintiff alleged discrimination based on his disability and race. Docs. 1, 4.[5]

The Fourth Circuit has held that "'[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit.'" Medlin v. City of Mount Holly, No. 3:20-CV-00722-RJC-DSC, 2021 WL 2785473, at *2 (W.D.N.C. May 26, 2021) (citing Fort Bend Cty., Texas v. Davies, 139 S. Ct. 1843, 1850-51 (2019) and quoting Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996)).

Though a claim for racial discrimination is referenced by Plaintiff's pleadings, Plaintiff did not allege such discrimination in the Charge; indeed, the Charge did not mention Plaintiff's race at all. See Doc. 11-1.

Therefore, Plaintiff has not exhausted his administrative remedies with respect to a claim of discrimination based on race. See McKenzie-El v. American Sugar Refinery, Inc., No. RDB-20-0917, 2020 WL 7489021, at *4 (D. Md. Dec. 21, 2020) ("courts may not permit plaintiffs to assert one type of discrimination in an EEOC charge and later pursue other types of

---

[5] Presumably, Plaintiff's claim for discrimination based on race would be brought pursuant to Title VII.

discrimination in formal litigation"); Chacko v. Patuxent Institution, 429 F.3d 505, 509 (4th Cir. 2005) ("Our cases make clear that the factual allegations made in formal litigation must correspond to those set forth in the administrative charge. For example, the plaintiff's claim generally will be barred if his charge alleges discrimination on one basis—such as race—and he introduces another basis in formal litigation—such as sex").

Courts often dismiss without prejudice claims that have not been administratively exhausted. See Krings v. AVL Technologies, No. 1:20 CV 259 MR WCM, 2021 WL 1235129 (W.D.N.C. Feb. 10, 2021) (recommending dismissal of plaintiff's claims pursuant to Title VII, the ADA, and the ADEA without prejudice for failure to exhaust administrative remedies) *recommendation adopted*, 2021 WL 1233478 (W.D.N.C. April 1, 2021); Liggins v. G.A. & F.C. Wagman, Inc., No.: 5:18-cv-72, 2019 WL 4039637, at *3 (W.D. Va. Aug. 27, 2019) (collecting cases); Eastridge v. Brost, No. TDC-18-3770, 2019 WL 2124895, at *4 (D. Md. May 15, 2019).

However, it appears that dismissing any racial discrimination claim Plaintiff may have in this case without prejudice would be futile. Specifically, because the alleged act of discriminatory conduct occurred, at the latest, on May 1, 2021, an EEOC charge based on that alleged racial discrimination would be time barred. See 42 U.S.C. § 2000e-5(e)(1); Davis v. American Airlines, No. 3:19-cv-44-MOC-DSC, 2019 WL 2719909, at *5 (W.D.N.C. June

28, 2019) ("To be timely, a charge of discrimination must be filed within 180 days after the unlawful employment practice occurs") (collecting cases); see also Long v. Forsyth County Department of Social Services, No. 1:15CV683, 2016 WL 7496122, at *4 (M.D.N.C. Dec. 30, 2016); Hospodor v. Burlington Indus., Inc., 205 F.3d 1333 (4th Cir. 2000) (under "the ADA, the ADEA, and Title VII, an employee cannot seek redress in federal court for an employer's alleged discriminatory conduct unless he filed a charge of discrimination with the EEOC within 180 days").

Accordingly, the undersigned will recommend that, to the extent Plaintiff's Amended Complaint attempts to assert a claim for racial discrimination pursuant to Title VII, such claim be dismissed with prejudice. See Liggins v. G.A. & F.C. Wagman, Inc., No. 5:18-cv-72, 2019 WL 4039637, at *3 (W.D. Va. Aug. 27, 2019) (recognizing that generally, a dismissal for failure to exhaust administrative remedies should be without prejudice, but explaining that "if the plaintiff cannot exhaust his administrative remedies—for example, if he is time-barred from filing an EEOC charge—dismissal without prejudice would be futile, and the court may dismiss the claim with prejudice").

### B. ADA Claim

Plaintiff's Charge and Amended Complaint state that this action is

brought pursuant to the ADA. Doc. 4 at 3.[6]

The statute of limitations "is an affirmative defense, which can be the basis of a motion to dismiss under Rule 12(b)(6)." Dickinson v. Univ. of N. Carolina, 91 F.Supp.3d 755, 763 (M.D.N.C. 2015) (citing Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005)). "However, since a Rule 12(b)(6) motion aims to test the sufficiency of the complaint, and the burden of proving an affirmative defense rests with a defendant, dismissal under Rule 12(b)(6) based on the statute of limitations occurs in 'relatively rare circumstances'" and "all facts necessary to show the time bar must clearly appear 'on the face of the complaint.'" Id. (quoting Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007)).

"A plaintiff must file [his] complaint in federal court within ninety days 'after the giving of [ ] notice' by the EEOC." Stevens v. Wells Fargo Bank, No. 3:20-cv-00440-RJC, 2022 WL 22734, at *2 (W.D.N.C. Jan. 3, 2022) (quoting 42 U.S.C. § 2000e-5(f)(1)).[7]

The Fourth Circuit has held that a filing made one day outside the ninety-day statute of limitations period is time barred and may be grounds for

---

[6] Though Plaintiff's Charge also included reference to discrimination based on his age, his subsequent pleadings did not include such a claim.

[7] This ninety-day period applies to claims brought pursuant to the ADA, the ADEA, or Title VII. 42 U.S.C. § 2000e-5(f)(1) (Title VII); 42 U.S.C. § 12117(a) (adopting the enforcement provisions of Title VII with respect to the ADA, including § 2000e-5); 29 U.S.C. § 626(e) (ADEA).

dismissal. Harvey v. New Bern Police Dep't, 813 F.2d 652, 653 (4th Cir. 1987); Dixon v. Digital Equip. Corp., 976 F.2d 725, 1992 WL 245867 (4th Cir. 1992) (per curiam, unpublished) (dismissing suit and rejecting equitable tolling where *pro se* plaintiff filed suit one day late).

Here, Plaintiff alleged in his Amended Complaint that he received the Notice of Rights Letter on September 29, 2021. Doc. 4 at 5. However, Plaintiff did not file his original Complaint until on January 11, 2022 – 104 days later. Doc. 1.

Accordingly, the undersigned agrees with Defendant that Plaintiff's claims are untimely. See Obimah v. American Red Cross, No. 3:18-CV-00181, 2018 WL 3715759, at *2 (W.D.N.C. Aug. 3, 2018) ("As Plaintiff filed her Complaint 96 days after the issuance of her right to sue letter, her Title VII claims must be dismissed"); Stevens v. Wells Fargo Bank, 2022 WL 22734 (granting motion to dismiss plaintiff's amended complaint asserting claims of discrimination under the ADA where plaintiff filed her complaint after the running of the ninety-day statute of limitations period); Chrisp v. University of North Carolina at Chapel Hill, No. 1:20CV724, 2021 WL 135233 (M.D.N.C. Jan. 14, 2021) (dismissing plaintiff's Title VII and ADEA claims as time barred where action was not commenced within the ninety-day period).[8]

---

[8] The ninety-day time limit is treated as a statute of limitations and therefore may

## IV. Recommendation

For the reasons stated, the undersigned respectfully **RECOMMENDS** that Defendant's Motion to Dismiss in Lieu of Answer (Doc. 11), be **GRANTED** and Plaintiff's Amended Complaint be **DISMISSED WITH PREJUDICE**.

Signed: May 6, 2022

W. Carleton Metcalf
United States Magistrate Judge

---

be subject to equitable tolling. See Stevens v. Wells Fargo Bank, 2022 WL 22734, at *2 (explaining that in "very limited circumstances" "an untimely filing can be revived" through equitable tolling) "Nevertheless, the ninety-day limit is strictly enforced." Weathersbee v. Baltimore City Fire Dept., 970 F.Supp.2d 418, 427 (D. Md. 2013). Here, there is no indication in the record that Plaintiff's claims should be subject to equitable tolling.

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).