# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:22-cv-00008-MR-WCM

| | |
|---|---|
| OCIE MAYFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| UNITED GROCERY OUTLET, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss [Doc. 11]; the Magistrate Judge's Memorandum and Recommendation [Doc. 16] regarding the disposition of that motion; the *pro se* Plaintiff's filing received on May 13, 2022 [Doc. 17]; and the *pro se* Plaintiff's filing received on May 27, 2022 [Doc. 19].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendant's Motion to Dismiss and to submit a recommendation for its disposition.

On May 6, 2022, the Magistrate Judge issued a Memorandum and Recommendation, recommending that the Defendant's Motion to Dismiss be

granted. [Doc. 16]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service.

On May 13, 2022, the Plaintiff filed a letter addressed to "To Whom It May Concern," which states in its entirety as follows: "My name is Ocie Mayfield and I like to file a mediation in my case. The number for my case is 1:22-CV-0008-MR-WCM." [Doc. 17]. On May 27, 2022, the Plaintiff filed another letter, which states in its entirety as follows: "My name is Ocie Mayfield and my case number is 1:22-cv-0008 and I am objecting to the case being dismissed, please send the necessity [sic] information to me." [Doc. 19].

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard,

the factual or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Aldrich v. Bock, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

In his filings, the Plaintiff does not make any specific objection to the Magistrate Judge's Memorandum and Recommendation. Instead, he merely objects to the dismissal of his case [Doc. 19] and requests that the Court order a mediation to take place [Doc. 17]. Moreover, the Plaintiff's objection [Doc. 19] was not timely. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the

3

recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation and internal quotation marks omitted).

After a careful review of the Memorandum and Recommendation, the Court concludes that the Magistrate Judge's proposed conclusions of law are correct and are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's recommendation that the Defendant's Motion to Dismiss should be granted, and that this action should be dismissed.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Letters, which are construed as Objections to the Memorandum and Recommendation [Docs. 17, 19], are **OVERRULED**, and the recommendation of the Magistrate Judge [Doc. 16] is **ACCEPTED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss [Doc. 11] is **GRANTED**, and the Plaintiff's Amended Complaint is hereby **DISMISSED WITH PREJUDICE**.

The Clerk of Court is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: May 31, 2022

Martin Reidinger
Chief United States District Judge